# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-05166-JW |
| | Chapter 13 |
| Bobby Lee Pearson, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court for confirmation of the chapter 13 plan ("Plan") filed by Bobby Lee Pearson ("Debtor"). The chapter 13 trustee ("Trustee") filed an objection to confirmation based on Debtor's failure to accurately disclose all of his assets on his schedules. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 157(a) and 1334(b). Pursuant to Fed. R. Civ. P. 52, which is made applicable to contested matters by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following Findings of Fact and Conclusions of Law.[1]

## **FINDINGS OF FACT**

1.   On July 21, 2010, Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code ("Petition"). This is Debtor's second bankruptcy case. Debtor filed a previous Chapter 13 case on May 8, 1998, C/A No. 98-04000, which ended with the Debtor receiving his discharge on June 5, 2003 ("First Case").

2.   On August 3, 2010, Debtor filed bankruptcy schedules, which were signed by Debtor under penalty of perjury pursuant to 28 U.S.C. § 1746 and Fed. R. Bankr. P. 1008. On Schedule A – Real Property, Debtor listed only a house and lot at 1183 Loblolly Drive, Manning, South Carolina.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such; and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

  3. On August 3, 2010, Debtor filed his proposed chapter 13 plan.

  4. On August 27, 2010, Real Time Solutions, as agent for InSource Financial Service, filed a proof of claim in the amount of $84,362.04, secured by real property located at Route 6 Box 842, Manning, South Carolina ("Property").  The proof of claim indicates that the arrearage owed as of the date of the petition is $39,719.70, and that no payments have been made by Debtor on the loan since November 10, 2003.

  5. Debtor listed the Property on Schedule A in his First Case.

  5. On September 28, 2010, the Trustee filed an Objection to Confirmation of Plan on the grounds that Debtor has failed to list the Property in his schedules.

  6. On October 6, 2010, the day prior to the scheduled confirmation hearing, Debtor filed an Amended Schedule A, adding real property located at 1052 Fire Glow Street, Manning, South Carolina, which is apparently the same property as the Route 6 Box 842 property, to the list of previously disclosed real property.  Debtor also filed an amended chapter 13 plan ("Amended Plan"), wherein Debtor proposes to surrender the Property to Real Time Solutions as agent for InSource Financial Service.

  5. At the hearing, Debtor testified that he was not trying to hide the Property and that his failure to disclose the Property was due to emotional stress caused by the loss of his job and marital problems.  He further testified that he lived in the Property from 1984 to 1994, but then relocated his residence.  He also stated that he allows his wife's cousin to live in the Property free of charge and that he visits the Property every couple of months.

**CONCLUSIONS OF LAW**

As this Court previously stated in In re Medlin, "[a] debtor's foremost duty in a bankruptcy case is to accurately and completely disclose assets and the corresponding values of those assets in his or her schedules and statements." C/A No. 09-02697-jw, slip op. (Bankr. D.S.C. Jun. 5, 2009) (citing In re Simpson, 306 B.R. 793, 798-99 (Bankr. D.S.C. 2003)). The Trustee asserts that debtor's failure to disclose the Property indicates that the case may have not been filed in good faith. Pursuant to 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7), Debtor bears the burden of demonstrating that the filing of the petition and the proposal of the plan were in good faith. See Bowen, C/A No. 07-05485, slip op. at 5 (Bankr. D.S.C. Jan. 9, 2008). The Court determines good faith under both § 1325(a)(3) and § 1325(a)(7) by examining the totality of the circumstances. Id. at 4; In re Loper, C/A no. 08-3646, slip op. at 6 (Bankr. D.S.C. 2009). The debtor's honesty in representing the facts of the case is a critical factor to be considered when determining whether a plan has been proposed in good faith. Medlin, C/A No. 09-02697-jw, slip op. at 3 (citing Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982)); see also Loper, slip op. at 5 ("Debtor's failure to honestly represent the status of his assets and transfers weighs heavy in [the good faith] analysis.")

Debtor contends that his failure to disclose was unintentional and caused by his emotional stress from a job loss and marital problems. However, emotional stress from job loss and marital problems is suffered by many debtors in bankruptcy, and the proper administration of bankruptcy cases depends upon these debtors providing a complete and accurate portrayal of their financial situations. In re Simpson, 306 B.R. at 798. The Court finds Debtor's explanation for his failure to disclose the Property inadequate, especially

considering that he lived in the property for at least ten years, disclosed the property on his schedules in the First Case, has visited the Property at least every couple of months, and has allowed relatives to reside in the Property.

Debtor has since filed amended schedules to list the omitted Property and creditor. However, without an adequate explanation for the nondisclosure, the subsequent amendment of the schedules to include the omitted asset does not cure the initial nondisclosure.  <u>Medlin</u>, C/A No. 09-02697-jw, slip op. at 4.  Despite Debtor's explanation for the nondisclosure, the Trustee strongly opposes confirmation.

Considering the totality of the circumstances, the Court finds that Debtor has failed to present sufficient evidence demonstrating that the filing of the petition and the proposal of the plan were in good faith. Accordingly, the Court finds that Debtor has failed to meet the requirements for plan confirmation under § 1325(a).

Therefore, it is hereby

ORDERED that the Trustee's objection to confirmation is sustained and confirmation of Debtor's plan is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/18/2010**



*John E Waites*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 10/18/2010